**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 13-50006 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03203-AJB-2 |
| v. | |
| **CAROLINA MCLEAN,** | MEMORANDUM<sup>*</sup> |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted May 15, 2014
Pasadena, California

Before:     **KOZINSKI,** Chief Judge, **WARDLAW** and **FISHER,** Circuit
Judges.

At oral argument, Appellant's counsel waived McLean's claim that the trial

court improperly admitted Chase deposit receipts into evidence. See Vinson v.

Thomas, 288 F.3d 1145, 1148 n.1 (9th Cir. 2002). Appellant's remaining claim

that the sentencing court failed to apply the rule of lenity in assessing her eligibility

---

<sup>*</sup>     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

for safety valve relief under 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) misapprehends that rule. The rule of lenity is a "principle of statutory construction" designed to ensure that "'the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.'" Bifulco v. United States, 447 U.S. 381, 387 (1980) (quoting Ladner v. United States, 358 U.S. 169, 178 (1958)). The Supreme Court "has emphasized that the 'touchstone' of the rule of lenity 'is statutory ambiguity.'" Id. (quoting Lewis v. United States, 445 U.S. 55, 65 (1980)).

Appellant doesn't argue that the statutory or Guidelines language defining eligibility for safety valve relief is ambiguous. Instead, she claims that there were ambiguities in the evidentiary materials presented to the sentencing court, and that the court should have resolved these ambiguities in her favor. There is no such constraint on the sentencing judge's fact-finding. Cf. United States v. Freter, 31 F.3d 783, 786 n.3 (9th Cir. 1994). The judge "d[idn't] find Ms. McLean's explanation post trial any more credible than what she said at trial." This finding was not clearly erroneous. See United States v. Orm Hieng, 679 F.3d 1131, 1144 (9th Cir. 2012).

**AFFIRMED.**